IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
On-Briefs December 29, 2000

## WAYFORD DEMONBREUN, JR. v. DENNIS J. HUGHES, ET AL.

**A Direct Appeal from the Circuit Court for Davidson County**
**No. 98C-26      The Honorable Hamilton V. Gayden, Jr., judge**

---

**No. M2000-01116-COA-R3-CV - Filed January 30, 2001**

---

Plaintiff, inmate acting pro se, sued two former attorneys alleging that after the first attorney was removed from his criminal case and ordered to refund part of the retainer fee paid, the second attorney was appointed to represent plaintiff. Subsequently, the second attorney, without authorization, compromised and settled plaintiff's claim against the first attorney and converted the proceeds of the settlement to his own use. The first attorney was never served with process, and the trial court granted summary judgment to the second attorney. Plaintiff has appealed.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and
Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Wayford Demonbreun, Pro Se

F. Michie Gibson, Jr., Pro Se

### OPINION

On January 6, 1998, plaintiff, Wayford Demonbreun, filed a complaint against defendants, Dennis J. Hughes and F. Michie Gibson, Jr., seeking recovery for alleged legal malpractice and conversion of property and fraud. The complaint alleges that plaintiff had retained defendant Hughes to represent him in defense of several criminal actions in Davidson County and that Hughes was paid a fee in the amount of $32,000.00 for services to be rendered. The complaint avers that on or about September 26, 1995, during the course of one of the trials, evidence was introduced that Hughes had engaged in the illegal act of bribing a prosecution witness, and on that date the criminal court judge discharged Hughes from further involvement in the case and ordered Hughes to refund the legal fees paid by plaintiff within 60 days. The complaint further avers that on September 26, 1995, the criminal court judge appointed defendant Gibson to represent the plaintiff in the criminal proceeding. The complaint further alleges:

7. Thereafter, defendant Gibson without the consent, authorization or approval of plaintiff and without plaintiff employing or agreeing to the employment of defendant Gibson in the matter regarding the return of his legal fees from defendant Hughes, fraudulently misrepresented himself as counsel for plaintiff in the return of the legal fees ordered to [be] repaid by the Criminal Court on or about September 26, 1995, and fraudulently entered into an agreement with defendant Hughes to settle the return of the legal fees ordered by the Court and did obtain and unlawfully convert for his personal use property belonging to the plaintiff, without plaintiff's consent, authorization or approval.

8. Thereafter, defendant Gibson without the authorization of the plaintiff and fraudulently, did obtain legal fees from the defendant Hughes as a settlement and converted said fees for his own use without plaintiff's consent, approval or authorization.

Plaintiff avers that by virtue of the refusal of Hughes and Gibson to return plaintiff's legal fees, he was deprived of the opportunity to employ counsel of his choice, thus interfering with his Sixth Amendment right to counsel of his choice. The complaint demands judgment against each defendant in the amount of $32,000.00.

Defendant Gibson was duly served with process, but a "not to be found" return was made on the summons issued to Hughes. No alias summons was issued to this defendant.

Gibson's answer to the complaint denies the material allegations thereof. Subsequently, Gibson filed a motion for summary judgment and attached as exhibits the following:

(1) Order of the Criminal Court of Davidson County, Tennessee, in cause number 95-B-1131, State of Tennessee vs. Wayford Demonbreun, which states as follows:

On September 26, 1995, during a trial in this case, proof was introduced that one of the victims had been offered a bribe to change her testimony and strongly suggesting that the Defendant's attorney, Mr. Dennis Hughes, was at least aware of the attempt to suborn perjury. All of the surrounding circumstances will appear on the record but in summary, this court was of the opinion that if Mr. Hughes was involved, he could not continue to represent the Defendant and if he was not, his position would be hostile to that of his client. Accordingly the Court relieved Mr. Hughs and appointed Mr. Michie Gibson to represent the Defendant. The Defendant stated that he had paid Mr. Hughes $35,000.00. The court ordered Mr. Hughes to refund the fee within 60 days. Mr. Hughes did not make any refund and a petition for contempt was filed and a hearing held

thereon on December 18, 1995. At that hearing the Court heard testimony from the Defendant Demonbreun, members of his family and Mr. Hughes from which it appeared that in fact Mr. Hughes had been paid $31,400 by the Defendant and his family but that $10,000 of that amount was for fees in two other cases and that Mr. Hughes had earned $7,500.00 in this case. This court therefore ordered Mr. Hughes to refund $13,900 unearned fee to the Defendant. As no hearing had been held to ascertain what amount should be refunded, it was the court's opinion that a finding of contempt was not justified.

The defendant has filed another petition for contempt, but the clerk did not tell this court it had been filed, did not obtain the signature of a judge to the fiat and did not cause Mr. Hughes to be served. More importantly, the Court Clerk neglected to place the order of December 18, 1995 on the Court's minutes. Since the Court speaks through its minutes, the December 18 order is not operative.

IT IS THEREFORE ORDERED nunc pro tunc that Mr. Dennis Hughes refund $13,900.00 to Wayford Demonbreun within thirty (30) days of the entry of this order on the Court's minutes. It is further ORDERED that the clerk of the Criminal Court immediately place this order on the Court's Minutes. It is further ORDERED that in the event that sum is not paid in to the clerk of the court within 30 days of the entry of this order, process be issued by the clerk compelling Dennis Hughes to appear before this court within 5 days to show cause why he should not be held in civil contempt of this court for refusal to obey this order.

(2) a paper styled "Employment of Contract and Assignment" which states as follows:

I, Wayford Demonbreun, in consideration of legal services rendered to me by F. Michie Gibson, Jr., in the criminal indictment now pending against me in Davidson County, Tennessee and my post conviction relief action against Dennis Hughes, do hereby agree to pay to F. Michie Gibson, Jr., the sum of fifteen Thousand ($15,000.00) Dollars as follows:

The sum of Two Thousand ($2,000.00) Dollars will be paid on or before February 25, 1996; and

The balance of Thirteen Thousand ($13,000.00) Dollars will be paid on or before April 1, 1996.

I, Wayford Demonbreun, further assign all rights and interest that I have in the judgment against Dennis Hughes in the Criminal Court for Davidson County, Tennessee Division I under docket number 94-B-1131 to F. Michie Gibson, Jr. to be applied to the balance of this contract.

It is understood that this is a non-refundable retainer fee.

I further agree that if collection of the above amount is necessary, I will be responsible for the costs of said collect, including attorney's fee, Court costs and other costs of litigation.

Signed this 20th day of February, 1996.

_____
/s/ Wayford Demonbreun

(3) An undated letter from plaintiff to defendant Gibson concerning the making of fee arrangements with plaintiff's uncle and a discussion of efforts in handling of the cases; (4) a copy of NationsBank cashier's check dated February 22, 1996 in the amount of $2,000.00 payable to Mitch Gibson and showing the remittitur as Sonya Bell; (5) a copy of a letter dated March 12, 1996 from defendant Gibson to plaintiff as follows:

March 12, 1996

Mr. Wayford Demonbreun #245840
T.C.I.P. Unit 4-A
Route 1, Turney Center
Only, Tennessee 37140-9709

Re: State of Tennessee vs. Wayford Demonbreun
    Number: 95-B-1131

Dear Wayford:

As discussed at our meeting the other day, I have entered a Motion to show that the judgment placed against attorney Dennis Hughes has been satisfied. Also, I stated that I would forgive the balance of the amount owed to me in our contract.

I look forward to working with you in your defense and will be coming to see you again as soon as possible.

Sincerely,

F. Michie Gibson, Jr.

(4) A copy of an order of compromise and settlement entered in the Criminal Court for Davidson County, Tennessee in cause number 94-B-1131, State of Tennessee vs. Wayford Demonbreun as follows:

> This cause came to be heard on March 22, 1996 on Motion of the Defendant to enter an Order of Compromise and Settlement of the civil judgment placed against attorney Dennis Hughes on December 18, 1996 by this Honorable Court. The Court finds that the Defendant's Motion is well taken as follows:
>
> 1. That attorney Dennis Hughes has tendered to Wayford Demonbreun's attorney, F. Michie Gibson, Jr., funds sufficient to satisfy the judgment entered against him on December 18, 1995 by this Honorable Court.
>
> 2. That attorney Dennis Hughes appeal of the judgment entered against him on December 18, 1995 is dismissed.
>
> IT IS, THEREFORE, ORDERED,
>
> ENTERED this 25th day of March, 1996.

(5) A copy of a hand-written letter from plaintiff to "Mr. Gibson" which is mostly illegible but appears to be irrelevant to the issues before us; (8) an order entered October 6, 1997, in the Criminal Court of Davidson County, cause number 94-B-1131, State of Tennessee vs. Wayford Demonbreun, relieving defendant Gibson as attorney of record for defendant in that case.

Gibson also filed an affidavit in support of the motion that the statements and allegations were true and accurate to the best of his knowledge, information, and belief.

Plaintiff filed a sworn response to the motion for summary judgment in which he states defendant Gibson misrepresented himself by procuring the plaintiff's retainer fee. He states that Gibson "took the initiative to become mediator in the interest of the fee which was ordered to be refunded back to plaintiff from Dennis Hughes, which was $13,900.00." He states that defendant Gibson was appointed to represent him pursuant to Supreme Court Rule 13, and he had no authority to deal with plaintiff's property.

From the order granting summary judgment, plaintiff has appealed and presents six issues for review. However, we perceive the determinative issue to be whether the trial court erred in granting summary judgment to defendant.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 [now Rule 56.06] provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

In the instant case, plaintiff does not deny that he signed an assignment of his claim against Hughes, but he does state in response to the motion for summary judgment that at all times defendant Gibson was appointed counsel pursuant to Supreme Court Rule 13. The record reflects that defendant Gibson did receive funds from defendant Hughes by virtue of the compromise and settlement which was approved by order of the criminal court. The criminal court had supervision of the criminal case which brought about the events leading to the fee controversy and the entry of the order approving the compromise settlement of the Hughes fee matter implicitly recognized that defendant Gibson was not acting as appointed counsel for that particular trial of the plaintiff.

Accordingly, the order of the trial court granting summary judgment to defendant Gibson is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. The dismissal of the case as to defendant Hughes is also affirmed for lack of prosecution and lack of service of process. Costs of the appeal are assessed against appellant, Wayford Demonbreun, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.